IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LORRINE C. JOHNSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-10-0514 |
| MAYOR AND CITY COUNCIL OF BALTIMORE CITY, | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

This employment discrimination action arises out of a Complaint brought by Lorrine C. Johnson ("Plaintiff" or "Johnson"), proceeding *pro se*, against the City of Baltimore, Department of Public Works, and Bureau of Water and Waste Water ("Defendant")[1]. Johnson is currently employed by the Baltimore City Department of Public Works ("DPW"). Johnson claims that she was unlawfully discriminated against on the basis of her sex and unlawfully retaliated against in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e. In her Complaint, Johnson additionally claims negligent hiring and retention, intentional infliction of emotional distress, and hostile work environment. Pending before this Court are Defendant's Motion to Dismiss (ECF No. 6), and Johnson's Motion to Amend[2] (ECF No. 13). This Court has jurisdiction under 28 U.S.C. § 1331.

---

[1] As will be discussed in this Memorandum Opinion, the Mayor and City Council of Baltimore City is the proper defendant in this case, and the case caption will be changed to reflect this.

[2] Johnson responded to Defendant's Motion to Dismiss and moved to amend her Complaint in the same court filing. Pl. Resp. and Mot. to Amend at 1, ECF No. 13. Johnson's proposed Amended Complaint, and Exhibits B, C, and D were attached thereto.

1

The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Plaintiff Johnson's Motion to Amend (ECF No. 13) is GRANTED, and Defendant Mayor and City Council of Baltimore City's Motion to Dismiss (ECF No. 6) is DENIED in part and GRANTED as it applies to improperly named parties.

BACKGROUND

Johnson filed her Complaint in this Court on March 2, 2010. Compl. at 1, ECF No. 1. Johnson's Complaint, proposed Amended Complaint and Exhibits B, C, and D contain the factual allegations made by Johnson. Pl.'s Resp. and Mot. to Amend, ECF No. 13; Am. Compl., Ex. B-D, ECF No. 13-2. As this action is currently before the Court on Defendant's Motion to Dismiss, the Court will "accept all well-pleaded allegations in the plaintiff's complaint as true and draw all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). In addition, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of her claim that would entitle her to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Johnson states that she began her employment with the DPW Bureau of Waste Management on July 18, 2005. Compl. at 2. She worked at a DPW waste water plant, and when hired, her job title was "waste water operator tech. app. I." Ex. B at 1-2. At the time of the alleged discrimination, her job title was "waste water operator tech #2." *Id.* at 2.

Johnson alleges that on February 23, 2007 at approximately 8:00 p.m., she received a sexually graphic text message on her cellular phone from Ronnie James, an administrative supervisor. Compl. at 3. Johnson reported the incident to her immediate supervisor, Charles

Johnson[3] ("Supervisor Johnson"), on February 25, 2007. *Id.* On February 26, 2007, Johnson met with Supervisor Johnson, Operations Manager Gary Harwood and Plant Manager Gary Wagner. *Id.* At the meeting, Johnson was instructed to file an Investigation Report and was told that James would be reassigned to a different shift. *Id.* On March 15, 2007, Johnson submitted an Intake Questionnaire with the Equal Employment Opportunity Commission ("EEOC"). Ex. B at 4.

Johnson contends that on March 25, 2007 at approximately 12:30 a.m., James sent additional text messages of a sexual nature to her. Compl. at 3. The next day, Johnson filed another Investigation Report concerning the additional text messages and submitted the report to Supervisor Johnson. *Id.*

On April 30, 2007, Wagner sent Johnson a letter stating that James was suspended for his actions and reassigned to another shift, and that a copy of the letter of discipline was placed in his file. *Id.* However, Johnson states that in April of 2007, she, not James, was reassigned to another shift. *Id.*

Johnson claims that on May 30, 2007, Johnson was told by other employees that Supervisor Johnson was spreading rumors that Johnson was reporting "to the front office" accusations that certain employees were selling DVDs on DPW property and were sleeping on the job. *Id.* at 4. Johnson denies making such accusations and states that Supervisor Johnson made these statements to create hostility against her in the workplace. *Id.*

Johnson claims that on May 30, 2007, she requested leave on June 2, 2007, to attend her daughter's high school graduation. *Id.* Supervisor Johnson denied her request. *Id.*

---

[3] Charles Johnson has no apparent relation to the Plaintiff. In addition, Plaintiff's Complaint refers to supervisors named Charles Johnson, Gary Johnson, and Eric Johnson. The format and content of her Complaint indicate, however, that she likely is referring to one single supervisor. For purposes of this opinion, this Court will refer to her supervisor as "Supervisor Johnson."

On June 25, 2007, Johnson went to see Supervisor Johnson thirty minutes before the start of her shift to ask if she could take a class to get her driver's license. *Id.* Johnson was wearing a t-shirt and jeans at the time. *Id.* According to Johnson, Supervisor Johnson told her, in front of other employees, never to come to his office dressed out of uniform again because he considered it "sexual harassment." *Id.*

On July 23, 2007, Johnson received a phone call from Supervisor Johnson, informing her that her shift was being changed again, and that it would be the same shift that James was working. *Id.* at 5. Johnson alleges that in response to her complaints about working the same shift as James, Supervisor Johnson told her that she had to "get over that Ronnie stuff or quit." *Id.*

On March 22, 2008, Johnson asked Supervisor Johnson about her schedule, and why she was the only employee required to work consecutive weekends without overtime pay. *Id.* Supervisor Johnson responded that Johnson should talk to her union representative. *Id.* at 6. Plaintiff asserts, however, that her union representative had nothing to do with setting her schedule. *Id.* According to Johnson, the DPW's practice of requiring only her to work consecutive weekends without overtime pay continued until May of 2009. *Id.* at 5.

In November of 2007, Johnson filed a charge of discrimination with the EEOC. Pl.'s Resp. and Mot. to Amend at 3; Ex. C. On December 2, 2010, the EEOC issued Johnson a Dismissal and Notice of Rights, commonly referred to as a "right-to-sue letter." Ex. D. Johnson filed this Complaint on March 2, 2010. Compl. at 1. Defendant moved to dismiss Johnson's Complaint with prejudice, asserting that Plaintiff improperly named defendants that cannot be sued, and that Plaintiff failed to establish that she had satisfied the two jurisdictional prerequisites of a claim under Title VII. Def.'s Mot. to Dismiss at 1. Plaintiff thereafter

responded to Defendant's Motion to Dismiss and moved to amend her Complaint. Pl.'s Resp. and Mot. to Amend at 1.

 I.   **Plaintiff Johnson's Motion to Amend**

   A. Standard of Review

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend her complaint with permission from the court, which "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The United States Court of Appeals for the Fourth Circuit recently explained that "[t]his liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Sciolino v. City of Newport News*, 480 F.3d 642, 651 (4th Cir. 2007) (quoting *Laber v. H*arvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)). "For this reason, [the *Laber* Court] ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Id.* (quoting *Laber*, 438 F.3d at 426).

   B. Analysis

In this case, the amendment would not be prejudicial to the Mayor and City Council of Baltimore City, the opposing party. In addition, there is no evidence of, and Defendant has not argued bad faith on the part of Johnson, the moving party. Finally, the amendment is not futile. Johnson's Amended Complaint properly names the Mayor and City Council of Baltimore City as a defendant and attaches documents in support. Am. Compl. at 1. Without the addition of this defendant, Johnson's case would be dismissed in its entirety. *See infra* Part II. A. For these reasons, Johnson's Motion to Amend is GRANTED.

 II.   **Defendant Mayor and City Council of Baltimore City's Motion to Dismiss**

A.  <u>Plaintiff's Complaint Improperly Names Defendants.</u>

Defendant first argues that the Complaint against the City of Baltimore, the DPW, and the Bureau of Water and Waste Water should be dismissed because they are not legal entities capable of being sued. Def.'s Reply Mem. Supp. Mot. to Dismiss at 1, ECF No. 14.

Defendant is correct in said assertion. Under Maryland law, the City of Baltimore, DPW, and Bureau of Water and Waste Water are not legal entities and therefore lack the capacity to be sued. The Baltimore City Charter states, "The inhabitants of the City of Baltimore are a corporation, by the name of the 'Mayor and City Council of Baltimore,' and by that name . . . may sue and be sued." BALTIMORE CITY CHARTER art. 1, § 1 (2010). Maryland law is not unique as federal courts have traditionally recognized that individual government departments lack the capacity to be sued. *See, e.g., Strebeck v. Baltimore County Police Dept.*, 2005 U.S. Dist. LEXIS 26570, 2005 WL 2897932, at *1 (D. Md. Oct. 17, 2005) (holding that neither the Baltimore County Police Department nor the Baltimore County Council can be sued); *Adams v. Calvert County Pub. Schools*, 201 F. Supp. 2d 516, 520 n.3 (D. Md. 2002) (holding that a school district cannot be sued); *James v. Frederick County Pub. Sch.*, 441 F. Supp. 2d 755, 758 (D. Md. 2006) (finding that the Frederick County Fire Department and public schools cannot be sued). Consequently, only the Mayor and City Council of Baltimore City, not individual government departments, can be sued.

Plaintiff responds that her Amended Complaint properly identifies the Mayor and City Council of Baltimore City. Pl.'s Resp. and Mot. to Amend at 1-2. Plaintiff's Motion to Amend her Complaint was granted, *see infra* Part I.B, and in her Amended Complaint, Johnson clearly names the Mayor and City Council of Baltimore City as a defendant. Am. Compl. at 1. Despite this correction, Plaintiff's Amended Complaint continues to name the City of Baltimore, DPW,

and Bureau of Water and Waste Water as defendants. *Id.* Therefore, Defendant's Motion to Dismiss is GRANTED in part, and City of Baltimore, DPW, and Bureau of Water and Waste Water are hereby dismissed. Thus, the Mayor and City Council of Baltimore City is the sole defendant remaining in this case. In this regard, the case caption will be changed to reflect the proper parties.

B. Timeliness

Second, Defendant argues that Johnson failed to establish that she satisfied the administrative prerequisites for filing a claim under Title VII. Def.'s Mem. Supp. Mot. to Dismiss at 4, ECF No. 6-1.

To proceed with an action under Title VII, a claimant must satisfy two jurisdictional prerequisites: (1) filing timely charges of employment discrimination with the EEOC; and (2) receiving and acting upon the EEOC's notice of the right to sue. *See* 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 2000e-5(f)(1); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973); *De Guzman v. NIH Fed. Credit Union*, 2009 U.S. Dist. LEXIS 63601 (D. Md. July 23, 2009); *Van Slyke v. Northrop Grumman Corp.*, 115 F. Supp. 2d 587, 592 (D. Md. 2000).

Prior to filing a Title VII claim in federal court, "a plaintiff must first exhaust his administrative remedies by filing a charge of discrimination with the EEOC." *Edelman v. Lynchburg College*, 228 F.3d 503, 506 (4th Cir. 2000). In Maryland, a deferral state,[4] a Title VII claim of discrimination must be filed with the EEOC within 300 days of the alleged discriminatory action. 42 U.S.C. § 2000e-5(e)(1). "If a charging party fails to comply with this

---

[4] A deferral state is one with "a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof." 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2). Maryland is classified as a deferral state because the Maryland Commission on Human Relations constitutes a state agency that is capable of providing relief from discrimination.

7

statutorily mandated filing period, alleged discriminatory acts which occurred more than 300 days prior to the filing of the EEOC charge may not subsequently be challenged in a Title VII suit." *Van Slyke*, 115 F. Supp. 2d at 592; *See also Beall v. Abbott Laboratories*, 130 F.3d 614, 620 (4th Cir. 1997) ("[i]ncidents outside the statutory window are time-barred"). Courts have strictly enforced the timeliness requirements that govern actions alleging employment discrimination. *Tangires v. Johns Hopkins Hosp.*, 79 F. Supp.2d 587, 597 (D. Md. 2000); *See also Christian v. City of Annapolis*, No. 06-1119, 2006 WL 2294539, at *1 (D. Md. Aug. 9, 2006) (dismissing discrimination claim as untimely because it was not filed with the EEOC until 301 days after the alleged discriminatory act); *Langford v. Yale Univ. School of Medicine*, 39 Fed. Appx. 683, 685 (2d Cir. 2002) (affirming dismissal of discrimination claim that was filed with the EEOC two days after the 300 day deadline).

Johnson alleges that she filed her charge of discrimination in November of 2007. Pl.'s Resp. and Mot. to Amend at 3. Therefore, Johnson may base her Title VII claims only on misconduct alleged to have occurred within 300 days prior to filing her charge. Johnson's EEOC Intake Questionnaire and her EEOC Charge of Discrimination confirm that the earliest date of alleged discrimination occurred on February 23, 2007. Ex. B at 2; Ex. C. Thus, regardless of the exact date of filing in November 2007, Johnson's Title VII claims fall within the 300 day filing period. As a result, Johnson fulfills this administrative prerequisite.

A claimant asserting a cause of action under Title VII also must timely file suit within ninety days after receipt of a right-to-sue letter from the EEOC. *See* 42 U.S.C.A. § 2000e-5(f)(1); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984) (ruling that a claimant forfeits its right to pursue a claim under Title VII if suit is not brought within ninety days). The ninety day period is not jurisdictional, but instead is

treated as a statute of limitations period. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982). Nevertheless, the ninety day timing requirement is strictly enforced. *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (ruling that an action filed ninety-one days after the claimant's wife received the notice was untimely).

Johnson's EEOC Dismissal and Notice of Rights is signed by an EEOC field director and dated December 2, 2009. Ex. D. Johnson filed her Complaint in this Court on March 2, 2010. Compl. at 1. Johnson stated that she had "exhausted her administrative remedies with City of Baltimore in that such charges were subject to a final decision by the Equal Employment Opportunity Commission prior to ninety days of the filing of this Complaint." *Id.* at 2. It appears that Johnson may have misunderstood the ninety day requirement as requiring that she wait exactly ninety days after receiving her right-to-sue letter before filing a complaint. Regardless, Johnson's Complaint was filed on March 2, 2010, the ninetieth day after the date of her right-to-sue letter. Thus, Johnson fulfills the second and final administrative prerequisite for a claim under Title VII.

In sum, the facts alleged in Johnson's Complaint, Amended Complaint, and attached Exhibits establish that Johnson satisfied the timeliness requirements for a claim under Title VII, thereby defeating Defendant's claim that she failed to do so. For that reason, Defendant's Motion to Dismiss is DENIED with respect to its administrative exhaustion arguments.

## CONCLUSION

For the reasons stated above, Plaintiff Johnson's Motion to Amend (ECF No. 13) is GRANTED, and Defendant Mayor and City Council of Baltimore City's Motion to Dismiss (ECF No. 6) is GRANTED in part and DENIED in part.

A separate Order follows.

Dated: September 15, 2011                                /s/_____
                                                         Richard D. Bennett
                                                         United States District Judge